347 F.2d 324
 Roland E. BARNES, Appellant and Cross-Appellee,
v.
Abraham S. SIND and Israel Cohen, partners, trading as A. Sind & Associates and Abraham S. Sind and Israel Cohen, individually, Appellees and Cross-Appellants.
 No. 9608.
 United States Court of Appeals Fourth Circuit.
 June 4, 1965.
 
 Eugene M. Feinblatt, Baltimore, Md., John Silard, Joseph L. Rauh, Jr., Washington, D. C., for appellant and cross-appellee.
 Edward Pierson, Baltimore, Md., Morris D. Schwartz, Washington, D. C., for appellees and cross-appellants.
 Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 We find nothing in the petition for rehearing en banc which did not receive the full consideration of the Court. The petition for rehearing en banc is denied for the reasons stated in the opinion of the Court.
 
 
 2
 In light of the dissenting opinion of Judge Sobeloff, in which Judge Bell joins, it may be appropriate to add a few brief comments.
 
 
 3
 It is very doubtful that the lady has any dower interest in this land held in the name of her husband for the benefit of a business partnership of which he is a member.* If she has none, even a general warranty deed would confer no right of recovery upon the purchaser for there would be no violation of the warranty.
 
 
 4
 Whether or not the wife does have a dower interest in the land could have been tested in this action by the simple device of a joinder of the wife. The plaintiff elected not to do that. If the plaintiff had been willing to accept a quitclaim deed under the decree of the district court, he could still have tested the potential dower claim in an action to remove the cloud upon his title. That the plaintiff was unwilling to do.
 
 
 5
 Finally, the special warranty deed the contract called for would appear to give protection only against the claims of the grantors, their representatives and assigns. It would seem most unlikely that under the Maryland law such a warranty would be violated by an outstanding dower interest known to the parties at the time the deed was given and accepted. Nevertheless, the decree of the district court was wholly unacceptable to the plaintiff and it was the plaintiff who brought the case here on appeal for the stated purpose of giving him some semblance of a basis for a subsequent lawsuit for damages, or to what amounts, in effect, to a diminution of the purchase price.
 
 
 6
 It is time this litigation approached its end and that current claims be disposed of without encouraging further litigation and shadow-boxing on the basis of still other claims.
 
 
 7
 Since the district court's decree of specific performance was unacceptable to the plaintiff, as was every house and lot tendered to him as the equivalent of the one he first sought to buy, it now seems appropriate that he should be limited to his damages.
 
 
 8
 This extended, expensive litigation resulting in an award of damages is not likely to lead other developers of residential real estate to believe that "it is comparatively safe to renege on a sale to a Negro purchaser."
 
 
 9
 Petition denied.
 
 
 
 Notes:
 
 
 *
 See Annotated Code of Maryland (1957), Art. 73A, §§ 8 and 25(2) (e)
 SOBELOFF, Circuit Judge, whom J. SPENCER BELL, Circuit Judge, joins (dissenting).
 During October, 1961, the plaintiff entered into an agreement with the selling agents of the defendants, Sind and Cohen, business partners, for the purchase of a certain house in their housing development. The agreement provided that the house was to be conveyed by a special warranty deed. Upon discovery that the purchaser was a Negro, the defendants, interposing a series of obstructions, struggled hard to avoid their obligation. A second agreement was reached in January, 1962, by which the plaintiff undertook, in order to settle the controversy, to accept an "equivalent" but, in his opinion, less desirable house.
 When the defendants refused to comply with the settlement agreement, an action was brought by the plaintiff for specific performance and damages caused by the delay. The District Court decreed specific performance by the delivery of a quitclaim deed and awarded $1500 in damages for the delay. The decree was deficient, the plaintiff contends, in that it did not require the inclusion of a special warranty in the deed as called for in the original agreement and as is customary in Maryland. The quitclaim deed, unlike the contracted for special warranty deed, would not enable Barnes to sue the defendants if he should sustain damages by reason of their failure to obtain the joinder by the wife of one of them in bar of her dower rights.
 This court on appeal, far from correcting this alleged error of the District Court, puts the plaintiff in a worse position by taking away the limited relief granted him by way of specific performance. Instead the case is remanded for a determination of damages for breach of the contract.
 The opinion of our court concentrates on the refusal of the plaintiff to agree in advance that he would not later sue upon the special warranty, if it should be included in the deed. Maryland law is cited to the effect that specific performance will be decreed only when the buyer tenders the full purchase price. The court analogizes the plaintiff's position to that of one who tenders less than the entire purchase price when he seeks specific performance.
 
 
 I
 am unable to agree with this reasoning. The plaintiff was merely asking for the kind of deed to which he was entitled in consideration of the purchase price which he tendered in full. He was not seeking a reduction in the purchase price; rather the defendants unjustly endeavored to give him less than they had agreed
 It would be time enough to consider what rights the plaintiff might have against the defendants on account of any outstanding dower claim when and if he later brought an action. However, suit on a special warranty is precluded by the nature of the District Court's decree for a quitclaim deed only, and at a minimum an affirmance would assure against the plaintiff's maintaining a successful damage suit on account of the wife's nonwaiver of dower.
 The foregoing discussion by the majority only points up the injustice of denying the plaintiff specific performance, even to the limited extent granted by the District Court. If, as the majority thinks, there is only slight possibility of a successful action for damages on account of the wife's dower claim, then the plaintiff's refusal to relinquish this cause of action does the defendants no injury and it should not stand as a bar to specific performance.
 Barnes appears justly entitled to some form of specific performance unless there are valid defenses not indicated in the court's opinion. A court is not free to deny this equitable remedy on "discretionary" grounds; it is legally arbitrary to deny the remedy here. If ever there was an instance in which money damages would seem inherently inadequate, or at best very difficult to determine, this is it. We thus have the classic justification for granting specific performance.
 Remand for the assessment of damages holds no terror for these defendants. This disposition of the case will have no deterrent effect upon other developers who discover that it is comparatively safe to renege on a sale to a Negro purchaser.
 
 
 I
 would grant the motion for a rehearing